Cristobal G. **PADILLA**, Appellant,

v.

**UNITED STATES** of America,
Appellee.

No. 16162.

United States Court of Appeals
Ninth Circuit.

May 6, 1959.

Rehearing Denied June 4, 1959.

Cristobal G. Padilla, in pro. per.

Laughlin E. Waters, U. S. Atty., George W. Kell, Robert John Jensen, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before CHAMBERS, BARNES and JERTBERG, Circuit Judges.

PER CURIAM.

Padilla with one Gomez was convicted on count four of a narcotics indictment charging that on February 20, 1957, the two received, concealed and transported and facilitated the concealment and transportation of 25 ounces of heroin. The fifth count involved the same two defendants and charged a conspiracy involving trafficking in narcotics during the period February 4, 1957, and March 13, 1957. On count five there was also a conviction.

There is ample evidence with permissible inferences to justify conviction on both counts. (The case was tried before a district judge, the defendant having expressly waived a jury.) The arguments of Padilla here on the sufficiency of the evidence are really arguments properly addressed to him who is originally weighing the evidence. All reasonable and permissible intendments on the evidence, on appeal, are now against the defendant because he lost below.

Also, Padilla now relies heavily on that part of 21 U.S.C. § 174 reading as follows:

352

"Whenever on trial for a violation of this section the defendant is shown to have or to have had possession of a narcotic drug, such possession shall be deemed sufficient evidence to authorize conviction unless the defendant explains the possession to the satisfaction of the *jury*."

His projection is that because the sentence above says "jury," he, Padilla, had no right to waive the jury: that the Congress intended that all cases like his should be tried before a jury. We doubt if the Congress meant any more than "trier of the fact" when it used "jury."[1] It certainly is fanciful to believe that thereby it meant all of these narcotics cases must be tried before a jury. And, there is plenty of evidence here in Padilla's case to sustain his conviction without the prima facie presumption of the statute.

■ Also Padilla asserts error in the case because the court refused his motion to require the return of some $2,350.00 of his money found in his car and on his person at the time of his arrest.[2] This may or may not have been part and parcel of his narcotics transactions.

Had the money come to the case as evidence, no order for disposition of the money should be made until the conviction is finally affirmed or the charges dismissed. But in the facts before us one finds that the arresting officers turned the money over to the United States collector of customs at San Diego. The money itself never came into the trial court's orbit. The collector of customs did not testify in the case. Had the trial court entered an order in this case directing the collector to return the money, it would have been highly improper. The res—the money—was not in court nor was the collector there as a party to the criminal trial. Padilla lost no rights to the return of the money by the mere de-

nial herein of his motion to return the money.

What effect this affirmance of his conviction will have in the civil suit which the government suggests is pending in the United States District Court in Kansas wherein the government seeks to exact a civil penalty for the alleged unlawful importation of the 25 ounces of heroin, the subject of the fourth count of the indictment, is not before us for decision. Further, we do not have before us for decision the question of what will happen to Padilla's money if the government should be successful in its civil penalty suit.

Affirmed.

---

1. Cf. Nathanson v. Murphy, 132 Cal.App. 2d 363, 282 P.2d 174.

2. The government says $2,160 (or $2,156) was found in the car. And apparently $127.52 was found in Padilla's pockets. Thus, there is a discrepancy of about $60 or $65 in the sum involved.