**STATE of Maine**

**v.**

**Norman C. BEVINS.**

Supreme Judicial Court of Maine.

Argued March 15, 1982.
Decided June 22, 1982.

David M. Cox, Dist. Atty., Gary F. Thorne, Asst. Dist. Atty. (orally), Bangor, for plaintiff.

William C. Leonard (orally), George M. Carlton, Jr., Bath, for defendant.

Before McKUSICK, C. J., GODFREY, NICHOLS, ROBERTS, VIOLETTE and WATHEN, JJ., and DUFRESNE, A.R.J.

VIOLETTE, Justice.

The defendant, Norman Bevins, appeals from the denial of his motion for return of seized property entered in Superior Court, Penobscot County. In February 1977, the defendant was arrested and charged with theft by deception (17–A M.R.S.A. § 354). At the time of his arrest, the arresting officers seized various items of property from the defendant including $7,092.21 in cash. Before trial, but after indictment, the defendant made a motion, pursuant to M.R.Crim.P. 41(e), to suppress the cash and for its return. This motion was denied. At the close of the state's evidence, in a jury trial in Superior Court on May 12, 1977, the trial judge granted defense counsel's motion for judgment of acquittal. Four years later, in October 1981, the defendant filed in Superior Court a second motion for return of seized property seeking return of the cash. The motion was denied because the "[e]vidence [is] no longer in [the] possession of [the] State's Attorney." From the denial of that motion the defendant takes this appeal. We deny the appeal and affirm the judgment of the Superior Court.

The parties agree on appeal that the cash at issue is no longer in the possession of the District Attorney responsible for the prosecution of this case. Indeed, at the Superior Court hearing on the defendant's motion, the Assistant District Attorney present advised the court that the District Attorney had returned the cash to the "victim of the crime".

We hold that M.R.Crim.P. 41(e) does not apply in a case where the property which is the subject of the 41(e) motion is not within the possession or control of either the trial court, a police agency or the state's prosecuting attorney. *See Padilla v. United States,* 267 F.2d 351, 352 (9th Cir. 1959) (affirming trial court's denial of motion where arresting officers turned seized cash over to collector of customs and money

never came into trial court's orbit); *United States v. Totaro*, 472 F.Supp. 726, 729 (D.Md.1979) (entering order denying motion where government no longer had possession or control of seized money); *State ex rel Gerstein v. Durant*, 348 So.2d 405, 407 (Fla. Dist.Ct.App.1977) (defendant cannot make application to trial judge for return of seized property if property is not held in custodia legis within the territorial jurisdiction of the court). *But see United States v. Francis*, 646 F.2d 251 (6th Cir. 1981).

The entry is:

Appeal denied.

Judgment affirmed.

All concurring.