HERGET, Judge.
On the afternoon of May 6, 1960 Roy R. Wells, then 14 years of age, jumped from a springboard at the Young Men’s Christian Association in Bogalusa, Louisiana and fell, breaking his right arm, while attempting to turn a flip over a rope held in front of the board. This action was instituted by the minor’s father, Winfred T. Wells, against the Young Men’s Christian Association of Bogalusa, Louisiana for damages incurred as a result of the boy’s injuries. The Trial Court, in written reasons for judgment, rejected the demand of Plaintiff, finding the Y.M.C.A. was not negligent and further finding Roy had assumed the foreseeable risk of the sport in which he was engaged when the accident occurred. Plaintiff prosecutes this appeal from that judgment.
Plaintiff alleged the accident was caused solely by the negligence of the employees of the Y.M.C.A.: in failing to lower the rope for the minor to properly clear; in failing to catch the minor and avoid the fall; in failing to provide qualified instructors; in failing to provide safety devices for hazardous operations; in having the minor engage in a dangerous operation without safety devices and instructors. Defendant answered, denying any negligence and, in the alternative, pled contributory negligence and assumption of risk on the part of Roy R. Wells as special defenses.
Roy Wells testified he had regularly atttended the Y.M.C.A. for two years before the accident, participating especially in gymnastics. He was an active member of the Leaders Club at the Association, in which the older, more proficient athletes helped the younger boys in learning the various activities. He had frequently practiced springing from the springboard, similar to those used at swimming pools, but had just learned the afternoon of the accident to do a somersault from the board, landing on his feet on mats placed on the floor. Two boys, called “spotters”, stood on either side of the springboard holding a rope at various heights for the gymnasts to jump over. It was also the spotters’ duty, in the event the tumbler did not complete his feat correctly, to attempt to catch him and break his fall. Before beginning the springs, the Wells boy assisted in placing quilted canvas mats, ordinarily used in such activities, on the floor in the area of the springboard. Mr. Robert E. Mullings, the activities director at the Y.M.C.A., testified he instructed the Wells boy a short time before the accident as to the procedure to use in flipping from the board and while Mr. Mullings observed, Wells correctly performed several flips at varying heights over the outstretched rope. Shortly before the accident, Mr. Mullings instructed the boys on the springboard to stop tumbling from the board and jump instead while Mr. Mul-lings went to another area of the gymnasium to assist in another activity. Roy Wells testified he did not hear the instruction and when Mr. Mullings left, Wells proceeded to turn another flip. He stated, in his deposition, when he .realized as he was clearing the rope “ * * * I seen I wasn’t going to make it so I just opened up and I put my hands out to break-my fall and when I hit on my hands it broke my arm, * s|i * ”
We are in complete accord with the reasoning of the Trial Judge in finding the Wells boy assumed the risk and in further finding no negligence on the part of Defendant or its employees. The Trial Judge accurately applied the law to the instant facts, stating in his reasons for judgment:
“It is obvious that under the law of Louisiana a child of twelve years of age or older, in the absence of a showing of a low order of intelligence, is capable of contributory negligence and is able to foresee the probable conse *326 quences of his actions. Roy R. Wells, the injured party in this case, seemed to be a bright and intelligent youth. He was considered to be a superior gym student by his instructor and was a member of the ‘Leaders Club’ at the Bogalusa ‘Y.’ A member of the Leaders Club acts as an instructor to younger boys and assists them in their athletic endeavors.
“In brief, counsel for defendant refers to a certain dictum contained in the opinion of the Orleans Court of Appeals in the case of Hawayek v. Simmons, 91 So.2d 49 [61 A.L.R.2d 1254], (La.App.1956) wherein the Court said:
“ ‘No one will deny that a participant in almost any game or sport can be said, in legal contemplation, that by the fact of his participation therein, he assumes all risks incidental to the particular game or sport which are obvious and foreseeable.’ (sic)
“Various Hornbook authorities for this proposition are cited.
“Although I realize that a child of the age of Roy R. Wells is not held to the same standard of care as is an adult, it is the opinion of the Court that the accident which happened to him was a foreseeable risk of the sport in which he indulged. It is further the opinion of the Court that in allowing him to participate in these activities, his father assumed the same risk as did his son.
“In the absence of an affirmative showing that the equipment of the gymnasium was faulty, that proper padding was not furnished and that other protective regulations of the ‘Y’ were not observed, it is the opinion of the Court that no negligence has been shown on the part of the defendant, and that the plaintiff and his son should have foreseen, and did assume, the risk of the regrettable accident which occurred.”
Counsel for Appellant contends the doctrine of assumption of risk is inapplicable so as to relieve a defendant of liability in instances wherein defendant is found guilty of negligence. If the Defendant or its agents herein were guilty of negligence, Plaintiffs counsel’s contention is correct, since, of course, the doctrine of assumption of risk is only applicable in those instances wherein the risk is foreseeable and not unexpected. Gaspard v. Grain Dealers Mutual Insurance Company, La.App., 131 So.2d 831; Hawayek v. Simmons, La.App., 91 So.2d 49, 61 A.L.R.2d 1254. However, the inappositiveness of such contentions is apparent in the instant case as no evidence of negligence of Defendant was shown to exist. Defendant’s facilities and safety precautions were adequate and its staff qualified. In addition, the testimony of Mr. Mullings expressly warning the boys using the spring-board to cease performing gymnastics, other than forward jumps, emphasizes the Wells boy assumed the risk of continuing the sport and possibly injuring himself as a result.
For the reasons assigned, the judgment of the Trial Court is affirmed.