SARTAIN, Judge.
Plaintiff, as administrator of the estate of his minor son, David Stafford, brought this action for personal injuries sustained by said minor son on July 30, 1965 at the C. Y. O. Youth Center, Baton Rouge, Louisiana. Joined as party defendants are Catholic Youth Organization, a domestic corporation and its public liability insurer, Aetna Insurance Company. The trial court awarded plaintiff judgment in the amount of $3,000 from which judgment said defendants appeal.
The accident giving rise to this litigation occurred when David Stafford, while observing a tag wrestling match at the youth center, sustained injuries to his left leg con *335 sisting of an oblique fracture of the upper portion of the fibula and a spiral fracture of the distal portion of the tibula. On the day following the accident he was placed in a leg cast. Two weeks later he became ambulatory with the use of crutches. The cast was removed in October of 1965. Recovery was uneventful and the injuries were without residual effect.
Defendant’s, C. Y. O., liability herein attaches through the alleged negligence on the part of its employee, James R. Brous-sard. Mr. Broussard, age 23, was employed by the C. Y. O. for the purpose of instructing young people in tumbling from 2:00 to 3:00 P.M. and weight lifting from 3:00 to 4:00 P.M. o’clock three afternoons a week. His remuneration was one half of a nominal fee charged to participants.
Young Stafford testified that on the afternoon of the accident, he along with 6 or 8 other youths of his approximate age were engaged in tag-wrestling on the stage of the youth center. At this time Broussard was instructing in weight lifting. When Broussard concluded he went up on the stage and was seated on the edge of the two mats and for a short period observed the wrestling. He was then challenged by the youths and commenced “taking them on”. Young Stafford stated that he was apprehensive about continuing in the wrestling because of the size and strength of Broussard and accordingly he withdrew and was laying on the edge of the mats. He further stated that Broussard was pinned down by the youths and in freeing himself turned around and grabbed Stafford by the legs, which resulted in the injuries above described.
Broussard testified that when he had finished with his weight lifting class he went up on the stage and was seated on the edge of the mats observing the tag-wrestling which was then in progress and that before he knew it he was jumped by the remaining 6 or 8 youths and was pinned down. He stated that in an effort to disengage himself his legs became entangled with those of young Stafford. His first particular recollection of Stafford was when the latter complained that his leg was injured. Under further examination Broussard stated that he engaged in wrestling with the youths for 5 to 10 minutes before Stafford was injured. There is some evidence that the youths in groups of 3 or 4 took turns wrestling with Broussard. These two versions, namely: that Broussard was immediately engaged by the youths and that the accident occurred immediately thereafter, or that Broussard had wrestled with the youths for 5 to 10 minutes before the accident occurred does not in our opinion materially affect our decision.
Defendants contend that Broussard was not in the employ of the C. Y. O. at the time of the accident because he had concluded instructions for the two periods for which he was hired, that young Stafford being 12 years of age had assumed the risk of injury when he engaged in the aforementioned wrestling match, and, finally, that in the event these defenses are overruled, young Stafford was guilty of contributory negligence in not removing himself from the scene of the wrestling match and that his injury resulted in his remaining in close proximity to the same.
 The trial judge, in his oral reasons for judgment which were dictated into' the record concluded that Broussard was; acting within the course and scope of his-employment at the time of young Stafford’s; injury. With this conclusion we are in agreement. The trial judge further held that young Stafford had withdrawn himself from the wrestling match prior to Brous-sard’s entry and therefore the assumption of risk is not applicable. With this conclusion we agree. However, the trial judge-further stated, “that Broussard’s activities insofar as freeing himself from the wrestling match in which he was engaged was the primary reason for the accident. Apparently his leg became entangled with that of young Stafford and as a result the boy’s leg was broken.” While the trial judge’s *336 statement as to what happened is undoubtedly correct, it does not in itself indicate actionable negligence on the part of Brous-sard and holding to the contrary is in our opinion manifest error.
 With respect to the question of negligence we have reviewed the testimony very carefully and cannot determine that Broussard failed to exercise any particular duty that he owed to the youths with whom he was engaged in wrestling. The duty owed by Broussard was that of exercising such restraint as to not inflict any injury upon the other lads with whom he was wrestling by virtue of his superior strength and weight. Certainly the act of wrestling between an instructor and a group of young boys 12 and 13 years of age is not in itself negligence nor is it unreasonable to assume that the instructor would be challenged and would accept the challenge.
If the second version above mentioned occurred, that is that Broussard had wrestled with the remaining youths for 5 or 10 minutes before young Stafford’s injury, the record does not support a finding that Broussard either saw or by the exercise of reasonable care should have observed young Stafford laying on the edge of the mats. Broussard testified that his first recollection of Stafford was when the youth complained of an injury to his leg. There is no evidence in the record that the wrestling match got out of control or was unduly rough. Only two witnesses testified concerning the incident and they were young Stafford and Broussard. The other youths were not called and did not testify. At the time of the incident young Stafford was 12 years of age and rather large for his age. Under these circumstances it was incumbent on him when he chose not to wrestle Broussard with the other youths to remove himself from the mats to a greater distance from the participants than 5 or 6 feet. His failure to do so must be considered contributory negligence on his part.
It is our firm belief that the unfortunate accident was one which occurred during the course of a playful physical encounter where there is no showing of undue roughness or lack of concern on the part of Broussard for the safety and well-being of the youths with whom he was so engaged. It is particularly noted here that the youths were wrestling on two mats, each measuring 4 x 12 feet, for a total area of 8 x 12 feet. Young Stafford was lying on the edge of these mats and by his own admission was just 5 feet from the parties. It is also noted that young Stafford was an observer and not a participant.
Plaintiff has cited as determinative of the issue here the case of Bergeron v. Houston-American Ins. Co., La.App., 98 So.2d 723, wherein the defendant’s insured was tossing a 5 year old child in the air and during the course of which said insured’s arm came in contact with plaintiff’s 2 year old child who had entered the room unnoticed, causing said 2 year old to fall to the floor and sustain a broken leg. Said insured’s negligence consisted of his failure to observe the entry of the 2 year old into the room and approach to the spot where the aforementioned physical activity was occurring. The Bergeron case involved activity with a 5 year old and the approach of a 2 year old and for this reason is not controlling of and is clearly distinguishable from the facts in the instant matter.
In support of its contention that young Stafford was contributorily negligent, defendant has cited and we have reviewed the cases of Colclough v. Orleans Parish School Board, La.App., 166 So.2d 647, Benedetto v. Travelers Insurance Co., La.App., 172 So.2d 354 and Wells v. Young Men’s Christian Ass’n of Bogalusa, La.App., 150 So.2d 324. In the Wells case, a 14 year old boy broke his arm while attempting to turn a flip on a spring board. A reading of the case reveals that Wells had been instructed by the director to stop his tumbling activities. While the director was absent Wells attempted to execute a flip and sustained his injury. In the Colclough case a doctor was injured while standing on the sidelines watching his son practice football. *337 He sustained his injury when several players, while executing an end sweep, ran across the unmarked boundaries and into the spectators. Plaintiff in each of these cases were denied recovery on assumption of risk. The facts in each are not applicable to the facts in the instant matter. More closely related to the facts in this matter is the Benedetto case, where a 13 year old girl was injured while observing a baseball game from a position behind the third base line when she was struck by a bat thrown by or slipped from the hands of another youthful companion. The court held that plaintiff’s child had assumed the risk or was guilty of contributory negligence by sitting along the third base line at a distance from 8 to 10 feet to the rear of the batter.
For the above and foregoing reasons the judgment of the district court is reversed and plaintiff’s suit dismissed at his costs.
Reversed.