433 So.2d 302 (1983)
Frank G. KLUKA
v.
LIVINGSTON PARISH SCHOOL BOARD.
No. 82 CA 0765.
Court of Appeal of Louisiana, First Circuit.
May 17, 1983.
Rehearing Denied June 29, 1983.
*303 Hobart O. Pardue, Springfield, for plaintiff.
J. Donald Cascio, Denham Springs, for defendant.
Before LOTTINGER, COLE and CARTER, JJ.
LOTTINGER, Judge.
This appeal involves an informal wrestling match between a coach and a student at Springfield High School. Plaintiff, Frank G. Kluka, sued the Livingston Parish School Board for its vicarious liability for its employee, Larry LeBlanc. Plaintiff broke his ankle and injured some tendons therein as the result of a fall during a wrestling match between himself and LeBlanc. From judgment in favor of plaintiff, defendant has appealed suspensively.

FACTS
The incident which resulted in plaintiff's injuries occurred February 3, 1977. Larry LeBlanc, coach of the Springfield girls' basketball team, having finished conducting team practice in the school gymnasium, sat down in the bleachers to watch the boys' basketball team practice. Plaintiff, a starting guard on the boys' team, approached LeBlanc and challenged him to a wrestling match. LeBlanc hesitated initially, but accepted the challenge after being teased and goaded by Coach Norman Picou and some other members of the boys' team.
Two mats were placed together and plaintiff and Coach LeBlanc squared off to wrestle. After struggling a minute or so, plaintiff fell and injured his ankle. The trial transcript relates several accounts of exactly how the injury was sustained; however, the trial court found as fact that the injury occurred when plaintiff's foot became lodged between the two mats. As a result of the fall plaintiff sustained a broken ankle and pulled tendons and ligaments in the ankle joint, requiring surgery.
After a trial on the merits, the trial court granted judgment in favor of plaintiff and against the Livingston Parish School Board. This suspensive appeal followed.

SPECIFICATIONS OF ERROR
Defendant-appellant, Livingston Parish School Board, assigns the following specifications of error:
I. The trial judge erred in finding the school board liable under the doctrine of respondeat superior in wrestling with appellee.
II. The trial court erred in failing to find appellee guilty of contributory negligence in urging Coach LeBlanc to wrestle with him and in participating in the wrestling match.
III. The trial court erred when it found that appellee did not assume the risk of injury when he wrestled with Coach Le-Blanc.
IV. The trial judge erred in finding that Coach LeBlanc was acting within the course and scope of his employment with the Livingston Parish School Board at the time of the accident.

SPECIFICATIONS OF ERROR NO. 1
In Stafford v. Catholic Youth Organization (CYO), 202 So.2d 333 (La.App. 1st Cir.1967), *304 writ ref. 251 La. 231, 203 So.2d 559 (1967), this court denied liability in a case where a tumbling and weightlifting instructor engaged in a wrestling match with a group of twelve-year-olds. In Stafford, we held that the instructor's duty to the youngsters (who were not in his charge) was to exercise such restraint as not to inflict any injury by virtue of his superior size and strength upon the participants (although it was an observer who was injured). We further held that the instructor did not act unreasonably by accepting an invitation to wrestle with the group of young boys.
Following Stafford, we do not find that Coach LeBlanc acted unreasonably in accepting plaintiff's invitation to wrestle. At the time of the incident, plaintiff weighed 160 pounds. He was the starting guard on the basketball team and the starting halfback on the football team, being one of the strongest athletes in the school. Inasmuch as plaintiff was a strong, well-conditioned athlete, Coach LeBlanc could not have reasonably anticipated that his participating in a wrestling match would cause plaintiff injury, and we do not find Coach LeBlanc negligent for accepting the challenge to wrestle.
Plaintiff's counsel makes much of the fact that Coach LeBlanc had received instruction in wrestling while at college, whereas plaintiff had never received such instruction. Admittedly, such instruction would tend to put Coach LeBlanc at an advantage in the match. Nonetheless, under these circumstances, the duty Coach LeBlanc owed to plaintiff was to exercise such restraint so as not to inflict injury upon plaintiff by reason of his superior instruction and knowledge, Stafford, supra. The trial testimony indicates that at no time did Coach LeBlanc exhibit overzealousness during the brief match; nor were the wrestlers antagonistic towards each other, being good friends. On the contrary, the trial court found that plaintiff was injured not because of the use of any special hold or throw by Coach LeBlanc, but because plaintiff's foot became lodged between the two mats.
Finding that the superior wrestling skills held by Coach LeBlanc were not a causative factor in plaintiff's injury, and being of the opinion that the coach did not act unreasonably in accepting the challenge to wrestle, we exonerate Coach LeBlanc of negligent conduct; thus, his employer cannot be held vicariously liable.

SPECIFICATION OF ERROR NO. 3
Even were we to assume arguendo that a coach has a duty to absolutely refrain from physical activity with students he is not coaching, the result herein would be unchanged. We are of the opinion that plaintiff assumed the risk of the injury which befell him.
Plaintiff testified at trial that he had never received instructions as to how to wrestle, did not know what it meant to wrestle, and did not realize that it was possible to get hurt while wrestling. Under Dorry v. Lafleur, 399 So.2d 559 (La.1981), a plaintiff does not assume a risk of harm unless he knows of the existence of the risk and appreciates its unreasonable character. However, under Dorry, a plaintiff's disclaimer of knowledge or appreciation need not be taken at face value, inasmuch as there are some risks that every person must be held to appreciate.
Such is the situation here. We are of the opinion that any healthy and active seventeen-year-old who participates in strenuous athletic activity must understand that one may fall down and be injured if he engages in a wrestling match. Inasmuch as plaintiff initiated the incident, we find that he must have known and appreciated the risk of being injured while wrestling with Coach LeBlanc, which bars his recovery.
In light of the above, we expressly pretermit discussion of specifications of error No. 2 and 4.

DECREE
Therefore, for the above and foregoing reasons, the judgment of the district court is hereby reversed. There is now judgment in favor of defendant-appellant, Livingston *305 Parish School Board, dismissing the suit of Frank B. Kluka with prejudice. All costs, both in this court and in the trial court, are assessed to plaintiff-appellee, Frank G. Kluka.
REVERSED.