PER CURIAM.
The state seeks review of a pretrial order dated September 17, 1971, entered in a criminal prosecution. The order denied the state’s motion to vacate a prior oral order of the court, (entered in a proceeding upon an earlier information as to which the state had announced a nolle prosequi), which order excluded the testimony of Juan Vichot, the alleged victim.
The first information in which appellee Luis Jose DeVille was a defendant was dismissed on June 4, 1970; no appeal was taken. A second information, charging essentially the same crimes, was filed under the same case number as the original information.
On July 26, 1971, defendant moved to exclude the testimony o’f the state’s primary witness, Vichot, in a prosecution under the second information. The ground was that the court had earlier ordered Vi-chot to be deposed, but defendant had been unable to do so because the witness had moved from the address supplied by the state. Rule 3.220(f) RCPr., 33 F.S.A. The court orally granted defendant’s motion at that time.
The state’s attorney represented on August 5, 1971, that he had located the witness in Key West, and asked the court for a reasonable time before trial to have the witness deposed by defendant. The court reminded the state’s attorney that he had represented that the witness was to be in Miami on August 4, 1971, but the witness did not appear. On the court indicating that the testimony of the witness would be excluded, the state announced a nolle pros-equi, and the court further stated on August S, 1971, that, “The exclusion of the testimony goes to the testimony. If they refile it forty times the testimony is excluded forty times,” and “This is a denial of the right to be confronted by your accuser, which is unconstitutional.” A new information, the third one, was filed on August 6, 1971.
On September 13, 1971, the defendant again moved to exclude the testimony on the ground that the court’s earlier oral order o'f exclusion should not be vitiated by the state electing to announce a nolle pros-equi. The court agreed and ordered exclusion.
On September 16, 1971, the state presented the witness in open court and tendered him to the defense for the purpose of having his deposition taken then or at any time that would be convenient. He was sworn, and through an interpreter, explained his reason for failing to appear for the previously scheduled deposition, which explanation the court found “totally unsatisfactory.” The court denied the state’s motion to vacate its earlier oral order by a written order dated September 17, 1971, and the state appealed.
The record reveals that from the time of the filing of the third information (on August 6, 1971), until the court ordered that the testimony of the witness be excluded (on September 17, 1971), no attempt was made by the defendant to take the deposition of the witness. Nevertheless the court ordered his testimony excluded. The defendant has not made it to appear that the witness was made unavailable or otherwise secreted by the prosecution, to the prejudice of the defendant.
We therefore express the view that the trial court abused its discretion in refusing to vacate its prior oral order of July 26, 1971, excluding the testimony of the witness. Rule 3.220(f) RCPr provides that, “ . . .A person who refuses to obey a subpoena served upon him [under this discovery rule] may be adjudged in contempt of the court from which the subpoena issued.” The court was punishing the state’s attorney’s office, and thereby the public, for the activities of the witness; sanctions, if any, should have been imposed *494 upon the “wrongdoer” who apparently was the witness. There is some doubt as to whether the witness may be properly label-led a “wrongdoer” because the witness required a translator, which indicates a language barrier of some proportions.
We express the view that the record indicates that the trial court erred and abused its discretion in ordering that its prior oral order excluding the testimony of a material witness should not be vacated.
Reversed and remanded for further proceedings.