305 So.2d 836 (1974)
The STATE of Florida, Appellant,
v.
Eutansio Antolin ROIG, Appellee.
No. 74-822.
District Court of Appeal of Florida, Third District.
December 31, 1974.
*837 Richard E. Gerstein, State Atty., and Joseph Durant, Asst. State Atty., for appellant.
Phillip A. Hubbart, Public Defender, and Kurt Marmar, Asst. Public Defender, for appellee.
Before BARKDULL, C.J., NATHAN, J., and CHARLES CARROLL (Ret.), Associate Judge.
NATHAN, Judge.
Appellant, The State of Florida, appeals an order of the trial court dismissing an information charging the defendant, Roig, with making a lewd and lascivious or indecent assault upon a male minor under the age of fourteen years.
The information was filed on February 11, 1974. On April 15, 1974, the trial court entered an order excluding the testimony of five witnesses for the prosecution because they failed to appear for deposition after being subpoenaed by the defendant. On May 15, 1974, the court entered an order dismissing the information because the prosecution was unable to proceed without the testimony of the witnesses whose testimony had been excluded. There is nothing in the record to indicate that the witnesses were made unavailable by the prosecution to the prejudice of the defendant.
The sole question before this court is whether the prosecution is responsible to produce the state's witnesses for deposition pursuant to being subpoenaed by the defendant. We hold that it is not the responsibility of the state to produce state witnesses subpoenaed by the defendant for discovery purposes. Therefore, the court erred in excluding the witnesses' testimony and dismissing the cause as a result thereof. Proper sanctions may be imposed by the court pursuant to appropriate rules of procedure. See State v. DeVille, Fla.App. 1972, 258 So.2d 492; Rule 3.220, CrPR; Rule 1,380, RCP.
Reversed and remanded for further proceedings.