348 So.2d 405 (1977)
STATE of Florida ex rel. Richard E. GERSTEIN, As State Attorney of the Eleventh Judicial Circuit of Florida, Petitioner,
v.
The Honorable N. Joseph DURANT, Jr., Judge of the Circuit Court of the Eleventh Judicial Circuit of Florida, and/or Annie Wilson, Respondents.
No. 77-335.
District Court of Appeal of Florida, Third District.
July 26, 1977.
*406 Richard E. Gerstein, State Atty. and George Volsky and Alan E. Krueger, Asst. State Attys., for petitioner.
Greene & Cooper, Goodhart & Rosner, Miami, for respondents.
Before HENDRY, C.J., and PEARSON and HUBBART, JJ.
HUBBART, Judge.
This is a criminal case in which a defendant sought the return of property seized from her by certain police officials as well as the authority to depose these officials. The trial court ordered the state to return the seized property and to produce the police officials for the defendant's deposition. The state files inter alia a petition for a writ of certiorari to review these orders.[1] The issues presented for review center around whether these orders constitute a departure from the essential requirements of law.
On November 11, 1976, police officials in Montreal, Canada, arrested the respondent, Annie Wilson, at the request of the Miami Beach Police Department and seized $17,600 in cash, a quantity of jewelry and some personal papers. On December 3, 1976, the respondent was transported to Dade County and turned over to Miami Beach police officials. On December 27, 1976, the respondent was charged in a two count information with grand larceny of cash belonging to Irma Glick and Elizabeth Schofler before the Circuit Court of the Eleventh Judicial Circuit of Florida.
On January 11, 1977, the respondent through counsel filed an unsworn motion for the return of the cash and property seized from her by the Montreal police claiming that the cash and property herein belonged to her, her husband, her children and her daughter-in-law. After a hearing, the trial court ordered all of the seized cash and property turned over to respondent.
The state filed a motion for reconsideration attaching thereto two sworn petitions signed by the two grand larceny complainants, Irma Glick and Elizabeth Schofler, claiming they were the rightful owners of some or all of the cash seized from the respondent and praying that said cash be returned to them. The trial court denied the motion without entertaining the complainants' petitions for return of property. It is undisputed that the cash, jewelry and *407 personal papers seized from the respondent were in the custody of the Montreal police authorities at the time the trial court ordered such property returned to the respondent.
The respondent then caused to be issued certain subpoenas duces tecum for deposition directed to the Canadian police officers in Montreal who arrested and searched her. Such officers had been listed by the state as potential witnesses in the case. These subpoenas were served on the office of the state attorney. The state filed a motion to quash these subpoenas as improperly served along with motions for a protective order and for clarification. The trial court entered an order quashing the subpoenas but requiring the state to produce the Montreal police officers for the defendant to depose before a certain date.
On February 14, 1977, the state filed a suggestion for writ of prohibition or in the alternative a petition for writ of certiorari to review the orders of the trial court directing the return of property and the production of the Montreal police officers for deposition. We treat the proceeding as a petition for a writ of certiorari.

I
The first issue presented for review is whether a circuit court has the authority to return property seized and held by police officers outside the territorial jurisdiction of the court upon an arrest of a defendant in a criminal proceeding pending before such court. We hold that the court lacks such authority. Accordingly, we grant the petition for writ of certiorari and quash the order returning the property in question to the respondent since the order constitutes a departure from the essential requirements of law.
The true owner of property seized as evidence by the police upon arrest of a defendant in a criminal proceeding may make a sworn application to the judge having trial jurisdiction in the criminal proceeding for the return of such property providing the property is held in custodia legis by a police agency or the state attorney within the territorial jurisdiction of the court. Such an application may not be made when the property sought to be returned is not held in custodia legis within the territorial jurisdiction of the court. The procedure for making such an application is set forth at Section 812.061, Florida Statutes (1975). Such statutory procedure applies to stolen money, stolen motor vehicles or any other property being held in custodia legis of the court. Garmire v. Red Lake, 265 So.2d 2 (Fla. 1972). See Hanson v. Denckla, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958); Biederman v. Cheatham, 161 So.2d 538, 541 (Fla. 2d DCA 1964); 1957-58 Atty.Gen.Op. 277 (1958).
In the instant case, the circuit court had no authority to order the state to produce property in the custody of the Montreal police authorities because the property in question was not within the custodia legis of the court. We are informed, however, that during the pendency of the proceedings before this court the Montreal police authorities have delivered the money, jewelry and papers in question to the Miami Beach Police Department. Our quashal of the order in this cause shall therefore be without prejudice to the respondent to reapply to the trial court for the return of the seized property. In such event, the trial court will have to adjudicate the claims of the complaining witnesses as well as that of the respondent with reference to the seized property.

II
The second issue presented for review is whether the state may be compelled to produce foreign or out of state witnesses for the defendant to take their deposition when such witnesses are listed by the state as potential witnesses in a criminal case. We hold that the state may not be so compelled. We, accordingly, grant the petition for writ of certiorari and quash the order directing the state to produce the Montreal police officers to the defendant for deposition purposes.
*408 The law is well settled that it is not the responsibility of the state to produce state witnesses subpoenaed by the defendant for discovery purposes. To order the state to do so, or to dismiss a criminal case for failure of the state to do so, constitutes a departure from the essential requirements of law. State v. Roig, 305 So.2d 836 (Fla. 3d DCA 1974).
The trial court has inherent authority, however, to grant a continuance to a defendant when through no fault of his own he has been unable to depose witnesses listed on the state's witness list prior to trial. Fla.R.Crim.P. 3.190(g). It therefore behooves the state to cooperate with the court and the defendant in producing, if it can, otherwise unavailable witnesses on a voluntary basis for the defendant's discovery deposition so as to avoid the time and expense of witnesses in making numerous appearances in connection with a case and in delaying the orderly disposition of criminal litigation. Better practice would suggest that the state voluntarily produce such witnesses for the defendant to depose within a reasonable time prior to trial so that the witnesses may be deposed and the transcripts prepared for the study of defense counsel. Although the state may not be compelled to do so, its failure to cooperate with the court may result in an otherwise avoidable continuance.
The petition for writ of certiorari is granted. The order directing the state to return property to the respondent is quashed without prejudice to the respondent to reapply for such return of property in the future. The order directing the state to produce the Montreal police witnesses to the defendant for deposition is quashed. It is so ordered.
NOTES
[1] We originally treated these proceedings as a suggestion for writ of prohibition and issued a rule nisi. After a full hearing, however, we discharge the rule as improvidently issued. State ex rel. Shailer v. Booher, 241 So.2d 720 (Fla. 4th DCA 1970).