349 So.2d 736 (1977)
The STATE of Florida, Petitioner,
v.
Alykhan BANKS, Respondent.
No. 77-705.
District Court of Appeal of Florida, Third District.
August 23, 1977.
Richard E. Gerstein, State Atty., and George Volsky, Asst. State Atty., for petitioner.
Hacker, Phelps & Matters, Miami, for respondent.
*737 Before PEARSON, BARKDULL and HUBBART, JJ.
PEARSON, Judge.
The State of Florida, as petitioner, has brought this petition for writ of certiorari to review an order of the trial court excluding the testimony of a witness who repeatedly failed to appear for discovery deposition. The order stated that "... the defendants' Motion to Preclude is hereby granted only as to Michael Mulligan and it is further ordered that Michael Mulligan may not be presented as a witness in the trial of the above styled cause." The order recited the fact that Mulligan, who was the victim, at least twice failed to appear, and that:
"5. The State, by and through Assistant State Attorney David I. Gilbert, is in no way responsible for the failure of Michael Mulligan to appear for the deposition."
In State v. DeVille, 258 So.2d 492 (Fla.3d DCA 1972), we considered a case in which the trial court had excluded the testimony of a witness and we found that the court had abused its discretion in excluding such testimony. We there held:
"We therefore express the view that the trial court abused its discretion in refusing to vacate its prior oral order of July 26, 1971, excluding the testimony of the witness. Rule 3.220(f) RCPr provides that, `.. . A person who refuses to obey a subpoena served upon him [under this discovery rule] may be adjudged in contempt of the court from which the subpoena issued.' The court was punishing the state's attorney's office, and thereby the public for the activities of the witness; sanctions, if any, should have been imposed upon the `wrongdoer' who apparently was the witness."
Subsequently, in State v. Roig, 305 So.2d 836 (Fla.3d DCA 1974), we considered a case in which the trial court dismissed an information because the prosecution was unable to proceed without the testimony of witnesses. The testimony had been excluded because the witnesses failed to appear for deposition after being subpoenaed by the defendant. In that case, we held:
"The sole question before this court is whether the prosecution is responsible to produce the state's witnesses for deposition pursuant to being subpoenaed by the defendant. We hold that it is not the responsibility of the state to produce state witnesses subpoenaed by the defendant for discovery purposes. Therefore, the court erred in excluding the witnesses' testimony and dismissing the cause as a result thereof. Proper sanctions may be imposed by the court pursuant to appropriate rules of procedure. See State v. DeVille, Fla.App. 1972, 258 So.2d 492; Rule 3.220, CrPR; Rule 1.380, RCP."
In the case now before us, it affirmatively appears that the only subpoena issued for the witness was subsequently quashed by order of the court. The State volunteered on two occasions to present the witness for deposition but was unable to do so. Inasmuch as it is not the State's duty to produce the witness for discovery, it was error to enter an order excluding the testimony at time of trial.
It should be observed that the court, proceeding under the Florida Rules of Criminal Procedure, may continue a case where discovery is not completed through no fault of the defendant. See State ex rel. Gerstein v. The Hon. N. Joseph Durant, Jr., 348 So.2d 405 (Fla.3d DCA 1977), filed July 26, 1977. In the event it appears that the discovery is not obtained even after the issuance of the subpoena for the reluctant witness, then the defendant may not be required to go to trial without the discovery and the speedy trial rule may ultimately result in the discharge of the defendant.
Aside from the remedy of the defendant where he is not afforded proper discovery, there are sanctions which may be imposed upon a witness for his failure to obey a subpoena. In a proper case, contempt of court is an appropriate remedy. See State v. DeVille, 258 So.2d 492 (Fla.3d DCA 1972).
*738 For the reasons stated, the writ of certiorari is granted and the order excluding the testimony of the witness is quashed.
It is so ordered.