393 So.2d 1168 (1981)
The STATE of Florida, Appellant,
v.
Robert ASHLEY, Appellee.
No. 79-1317.
District Court of Appeal of Florida, Third District.
February 10, 1981.
Janet Reno, State Atty. and Ira N. Loewy, Asst. State Atty., for appellant.
Bennett H. Brummer, Public Defender and Deborah Whisnant, Asst. Public Defender, for appellee.
Before HUBBART, C.J., and DANIEL S. PEARSON and FERGUSON, JJ.
PER CURIAM.
By this appeal, we are asked to review a trial court order dismissing an information in a criminal case for failure of the state to produce, pursuant to court order, certain out-of-state witnesses for the defendant for the purpose of taking their discovery deposition after said witnesses had been listed by the state as potential state witnesses in the case. We have jurisdiction to entertain this appeal. § 924.07(1), Fla. Stat. (1979).
We reverse the order under review and remand the cause to the trial court with directions to reinstate the information in this cause upon a holding that: (1) the state may not be compelled by court order to produce out-of-state witnesses for the defendant to take their discovery deposition when such witnesses are listed by the state as potential witnesses in a criminal case; (2) it is reversible error for a trial court to dismiss a criminal case for failure of the state to produce such witnesses pursuant to court order; and (3) no showing was made in this case that the state intentionally or negligently suppressed any evidence in this cause, or, indeed, that the evidence claimed to be suppressed was in any way favorable to the defendant. State ex rel. Gerstein v. Durant, 348 So.2d 405 (Fla.3d DCA 1977); State v. Roig, 305 So.2d 836 (Fla.3d DCA 1974); see State v. Herrera, 365 So.2d 399, 401 (Fla.3d DCA), cert. denied, 373 So.2d 459 (Fla. 1978).
Reversed and remanded.