394 So.2d 531 (1981)
The STATE of Florida, Appellant,
v.
James MERRITT, Appellee.
No. 80-1293.
District Court of Appeal of Florida, Third District.
February 24, 1981.
*532 Janet Reno, State Atty. and Stephen V. Rosin, Asst. State Atty. and Bruce H. Lehr, Legal Intern, for appellant.
Carl Masztal, Miami, for appellee.
Before BARKDULL, HENDRY and NESBITT, JJ.
PER CURIAM.
The state brings this appeal from an order dismissing an information filed against James Merritt.
On the basis of self-defense, defendant James Merritt filed a sworn motion to dismiss an information, charging him with attempted first degree murder and the unlawful possession of a firearm while engaged in a criminal offense. In response thereto, the State filed a traverse, specifically denying the factual allegations of the defendant's motion. The traverse commented that although the defendant stated that "he shot the victim after the victim slapped him and was standing six feet away, this does not indicate that the victim was threatening or attacking the defendant when the defendant shot the victim. Furthermore, ... eyewitness Nealy states: That the victim did not have a weapon, a fact substantiated by the defendant himself ... that the victim was unarmed". At the hearing on the motion, the trial court considered the motion, the traverse, and the arrest affidavit. Just prior to dismissing the case, defense counsel stated that "... the State cannot find its witnesses, and neither can I; ... never supplied a correct address to me".
It was error to grant the defendant's sworn motion to dismiss where the State filed a sworn traverse specifically denying the material facts alleged by the defendant. The language of Florida Rules of Criminal Procedure 3.190(d) is to the effect that "a motion to dismiss under paragraph (c)(4) of this rule shall be denied if the State files a traverse which with specificity denies under oath the material fact or facts alleged in the motion to dismiss". [emphasis supplied] This language is mandatory. See: Ellis v. State, 346 So.2d 1044 (Fla. 1st DCA 1977). If the case was dismissed because of the assertion of defense counsel that "... the State cannot find its witnesses", then the trial court was in error. See: Knight v. State, 373 So.2d 52 (Fla. 4th DCA 1979). Also, if the dismissal was based upon the failure of the State to provide the defense with the correct address of a witness this too would be an insufficient ground for dismissal. See: Richardson v. State, 246 So.2d 771 (Fla. 1971).
Therefore, the order under review be and the same is hereby reversed and the cause is returned to the trial court for further proceedings.
Reversed and remanded with directions.