395 So.2d 242 (1981)
The STATE of Florida, Appellant,
v.
Sergio Miguel MESA, Roberto Leon, Fernando Barbaro Quintana and Federico Felipe DeLaPAS, Appellees.
No. 80-1067.
District Court of Appeal of Florida, Third District.
March 10, 1981.
Janet Reno, State Atty. and Theda R. James, Asst. State Atty., for appellant.
Raymond J. Takiff, Coconut Grove, for appellees.
Before BARKDULL, SCHWARTZ and NESBITT, JJ.
SCHWARTZ, Judge.
Holding that the defendants' right to demonstrate an anticipated entrapment defense had been improperly interfered with, the trial court dismissed the information against the defendants because two confidential informants asserted their privilege against self-incrimination and refused to testify at their depositions. For two reasons, this ruling was palpably erroneous and is reversed.
First, although their counsel stated that entrapment would be raised by the defendants, there was no substantiation of that claim, by way of sworn testimony or otherwise, and no evidentiary indication that the witnesses in question were involved in any such activity. Hence, the defendants did not make the preliminary showing of colorability of the defense which is necessary to require even the disclosure of the names of the informants. Hawkins v. State, 312 So.2d 229 (Fla. 1st DCA 1975); United States v. Gonzales, 606 F.2d 70 (5th Cir.1979); United States v. Moreno, 588 F.2d 490 (5th Cir.1979), cert. denied, 441 U.S. 936, 947, 99 S.Ct. 2061, 2168-69, 60 *243 L.Ed.2d 666, 1049, 1050 (1979); see also, Treverrow v. State, 194 So.2d 250 (Fla. 1967); compare, State v. Hassberger, 350 So.2d 1 (Fla. 1977); State v. Williams, 369 So.2d 416 (Fla. 3d DCA 1979). It is clear beyond question, therefore, that there was no valid basis for taking the ultimate step of dismissing the case outright, after the state had nevertheless revealed the identity of the c.i.s. Elkins v. State, 388 So.2d 1314 (Fla. 5th DCA 1980).
Moreover, even if, as it does not, the record contained some indication of the significance to the defense of the informants' testimony, the action taken below was unjustified. The state is not ordinarily obliged, at pain of dismissal, even to produce prosecution, much less defense, witnesses for deposition or trial. State v. Merritt, 394 So.2d 531 (Fla. 3d DCA 1981); State v. Ashley, 393 So.2d 1168 (Fla. 3d DCA 1981) (1981); Knight v. State, 373 So.2d 52 (Fla. 4th DCA 1979), cert. denied, 385 So.2d 761 (Fla. 1980); State v. Banks, 349 So.2d 736 (Fla. 3d DCA 1977); State ex rel. Gerstein v. Durant, 348 So.2d 405 (Fla. 3d DCA 1977); State v. Roig, 305 So.2d 836 (Fla. 3d DCA 1974); State v. Velasquez, 305 So.2d 837 (Fla. 3d DCA 1974), cert. denied, 315 So.2d 196 (Fla. 1975). A fortiori the prosecution cannot be held responsible for the fact that a witness invokes the fifth amendment.[1] See, United States v. Turkish, 623 F.2d 769, 773-74 (2d Cir.1980), and cases cited. The upshot of the situation below is simply that the testimony of two witnesses who may or may not be favorable became unavailable, at least pre-trial, to the defense because of the invocation of their constitutional rights. The state has done nothing which, at this stage, calls for any judicially-imposed sanction whatever.[2] Dismissal of the entire prosecution was manifestly inappropriate.
The order below is reversed for reinstatement of the information and further proceedings consistent herewith.
Reversed.
NOTES
[1] There is no indication that the prosecution improperly induced the witnesses to take the fifth. Cf., Washington v. Texas, 388 U.S. 14, 87 S.Ct. 1920, 18 L.Ed.2d 1019 (1967); United States v. Morrison, 535 F.2d 223 (3d Cir.1976).
[2] It has been suggested that a possible remedy in analogous situations is to require that the fifth amendment defense witness be granted immunity by the state or the court. But see United States v. Turkish, supra, and the authorities cited therein, which generally reject the practice. Without intimating any view on that issue, we note that even those authorities which have approved such a requirement, e.g., Government of the Virgin Islands v. Smith, 615 F.2d 964 (3d Cir.1980), do so only under severely limited conditions and circumstances which do not remotely appear in this case.

See also, People v. Thomas, 51 N.Y.2d 466, 434 N.Y.S.2d 941, 415 N.E.2d 931, 28 Crim.L. Rptr. 2439 (N.Y. 1980) (no right to jury charge that defense witness has invoked privilege against self-incrimination).