411 So.2d 981 (1982)
The STATE of Florida, Appellant,
v.
Zeb ADDERLY, Appellee.
No. 81-1665.
District Court of Appeal of Florida, Third District.
March 30, 1982.
*982 Jim Smith, Atty. Gen. and Calianne P. Lantz, Asst. Atty. Gen., for appellant.
Michael J. Korvick, John H. Lipinski, Miami, for appellee.
Before BARKDULL and DANIEL S. PEARSON, and FERGUSON, JJ.
FERGUSON, Judge.
Adderly was charged by information with aggravated assault and unlawful possession of a firearm while engaged in a criminal offense. He moved to dismiss, by unsworn motion, on the grounds that the state would be unable to prove all the essential elements of the offenses because the victim had since died from unrelated causes. The sufficiency of the charging instrument is not challenged.
A motion to dismiss an information on grounds that there are no material issues of fact and the undisputed facts which the state will present do not establish a prima facie case of guilt against the defendant must conform to Florida Rule of Criminal Procedure 3.190(c)(4) requiring that the facts be specifically alleged and the motion sworn to. See State v. Davis, 243 So.2d 587 (Fla. 1971); State v. Brooks, 388 So.2d 1291 (Fla.3d DCA 1980).
Having determined that Adderly's motion could have been made only pursuant to Rule 3.190(c)(4), supra, we hold that the trial court erred in granting the motion to dismiss because, (1) the motion lacked specific factual allegations and (2) the motion was not sworn to by the defendant.[1]State v. Aaron, 409 So.2d 1214 (Fla.3d DCA 1982); State v. Holder, 400 So.2d 162 (Fla.3d DCA 1981).
Adderly also moved to dismiss on grounds that three police officers failed to appear for deposition. We have repeatedly held that the state is not obliged, at pain of dismissal, to produce witnesses for deposition. State v. Mesa, 395 So.2d 242 (Fla.3d DCA 1981); State ex rel. Gerstein v. Durant, 348 So.2d 405 (Fla.3d DCA 1977); State v. Roig, 305 So.2d 836 (Fla.3d DCA 1974).
Reversed and remanded for further proceedings.
NOTES
[1] We assume that the defendant's motion was based on a perceived inability of the state to prove that the victim was in fear of imminent violence  an essential element of assault. Though unnecessary to a disposition of this appeal, we note that fear of imminent violence may be inferred by the finder of fact from all the circumstances and all inferences on a motion to dismiss are to be resolved against the defendant. As a matter of law Adderly would not, on this record, have been entitled to a discharge even had the motion been procedurally correct. See, e.g., State v. Green, 400 So.2d 1322 (Fla. 5th DCA 1981); McClain v. State, 383 So.2d 1146 (Fla.4th DCA 1980), pet. for rev. denied, 392 So.2d 1376 (Fla. 1980); Gilbert v. State, 347 So.2d 1087 (Fla.3d DCA 1977).