436 So.2d 985 (1983)
The STATE of Florida, Petitioner,
v.
Mark JACKSON, Respondent.
No. 83-674.
District Court of Appeal of Florida, Third District.
August 2, 1983.
Rehearing Denied September 21, 1983.
*986 Jim Smith, Atty. Gen., and Penny Hershoff Brill, Asst. Atty. Gen., for petitioner.
Smoley & Grate and Joseph H. Weil, Miami, for respondent.
Before HENDRY, HUBBART and JORGENSON, JJ.
PER CURIAM.
The respondent is charged with armed robbery and possession of a firearm during the commission of a felony.
During preparation for a second trial of respondent (a prior trial had resulted in a conviction and reversal on appeal), counsel for respondent served Loula Kyles with a subpoena for deposition. She failed to appear at the designated time, whereupon the trial court ordered the state to produce the witness. The state failed to produce the witness as ordered. Several other notices to appear were not responded to by Kyles. Respondent moved to exclude the witness on the basis of her numerous failures to appear. The trial court granted the respondent's motion to exclude the witness by written order.
The state has petitioned for common law certiorari to quash the order granting respondent's motion to exclude. We find merit in the state's petition and quash the order under review.
It is not the responsibility of the state to produce a witness subpoenaed by a defendant for discovery purposes; to order the state to do so, or to dismiss a criminal case for failure of the state to do so, constitutes a departure from the essential requirements of law. State v. Adderly, 411 So.2d 981 (Fla. 3d DCA 1982); Knight v. State, 373 So.2d 52 (Fla. 4th DCA 1979), cert. denied, 385 So.2d 761 (Fla. 1980); State ex rel. Gerstein v. Durant, 348 So.2d 405 (Fla. 3d DCA 1977); State v. Roig, 305 So.2d 836 (Fla. 3d DCA 1974).
The petition for certiorari is granted and the order under review is quashed. It is so ordered.