443 So.2d 302 (1983)
The STATE of Florida, Appellant,
v.
Armando A. VALDES, Appellee.
No. 83-1134.
District Court of Appeal of Florida, Third District.
December 27, 1983.
Jim Smith, Atty. Gen., and Richard E. Doran, Asst. Atty. Gen., for appellant.
Hacker & Matters, Miami, for appellee.
Before NESBITT, FERGUSON and JORGENSON, JJ.
NESBITT, Judge.
The state appeals an order dismissing an information charging Armando Valdes with possession of cocaine, intent to sell or deliver cocaine and trafficking in cocaine. We have jurisdiction. Fla.R.App.P. 9.140(c)(1)(A). We reverse.
Armando Valdes made two unsuccessful attempts to depose two potential state witnesses who were participants in the undercover transaction which led to his arrest. The trial court then ordered the state to produce the witnesses for depositions. The witnesses failed to appear at the time scheduled for the depositions. Thereupon, the lower court dismissed all charges against Valdes as a sanction for the state's failure to produce the witnesses.
It is well established that it is not the responsibility of the prosecution to produce the state's witnesses for depositions. Turiano v. Butterworth, 416 So.2d 1261 (Fla. 4th DCA 1982); State v. Adderly, 411 So.2d 981 (Fla. 3d DCA 1982); State v. Banks, 349 So.2d 736 (Fla. 3d DCA 1977); State v. Roig, 305 So.2d 836 (Fla. 3d DCA 1974). Furthermore, as this court stated in State ex rel. Gerstein v. Durant, 348 So.2d 405, 408 (Fla. 3d DCA 1977): "[t]o order the state to do so, or to dismiss a criminal case for failure of the state to do so, constitutes a departure from essential requirements of law."
Accordingly, the order dismissing the charges against Valdes is reversed and the cause is remanded for proceedings consistent with this opinion.