483 So.2d 807 (1986)
The STATE of Florida, Appellant,
v.
Rafael GONZALEZ RODRIGUEZ and Amelia Tania Coccera, Appellees.
No. 85-9.
District Court of Appeal of Florida, Third District.
February 18, 1986.
Rehearing Denied March 21, 1986.
*808 Jim Smith, Atty. Gen. and Jacki B. Geartner and Steven Scott, Asst. Attys. Gen., for appellant.
Bierman, Sonnett, Shohat & Sale and Ira N. Loewy, Miami, for appellees.
Before SCHWARTZ, C.J., and BASKIN and JORGENSON, JJ.
SCHWARTZ, Chief Judge.
The defendants-appellees were charged with trafficking arising out of a "reversesting" operation in which they were apprehended while purchasing five kilos of cocaine from undercover police officers. The trial court dismissed the information as a sanction for the state's failure to make a DEA-confidential informant file available to the court for in-camera inspection.[1] This order was palpably incorrect.
Among other reasons for our determination are the facts that (a) the state was neither obliged, see State v. Valdes, 443 So.2d 302 (Fla. 3d DCA 1983); State v. Mesa, 395 So.2d 242 (Fla. 3d DCA 1981), nor had the ability, State v. Alfonso, 433 So.2d 1357 (Fla. 4th DCA 1983), to comply with the request in question so that there was no basis to impose any sanction whatever; and (b) the defense failed utterly to demonstrate that the failure to produce occasioned it any cognizable harm at all, let alone the irreparable prejudice to its position required to sustain the ultimate penalty of dismissal. State v. Del Gaudio, 445 So.2d 605 (Fla. 3d DCA 1984), pet. for review denied, 453 So.2d 45 (Fla. 1984). Accordingly, the order below is
Reversed.
NOTES
[1] The c.i. in question had apparently introduced the parties but was not involved in the transaction itself and was not a potential witness for the state. Hence, there was no initial obligation for the prosecution even to disclose her name. State v. Mesa, 395 So.2d 242 (Fla. 3d DCA 1981). Nevertheless, the defense discovered her identity on its own and thereafter deposed both her and her "supervising" DEA agent at great length concerning her connection with the case and the relationship, including specifics as to the financial arrangements, between the c.i. and the DEA. The alleged purpose of the requested inspection of the DEA file itself, which the agent resisted in accordance with DEA policy as embodied in 28 CFR § 16.22 (1984), was to determine if there was a written contract between the c.i. and the DEA, which might be producible under Brady v. Maryland. The tenuousness of the connection, if any, between the totally speculative contents of the file and any conceivable legitimate defensive purpose, as well as the cumulative nature of any such evidence to the testimony already elicited, are both readily apparent.