495 So.2d 912 (1986)
The STATE of Florida, Appellant,
v.
Karen Marie CARDA, Appellee.
No. 85-1858.
District Court of Appeal of Florida, Third District.
October 14, 1986.
*913 Jim Smith, Atty. Gen., and Mark J. Berkowitz, Asst. Atty. Gen., for appellant.
Bennett H. Brummer, Public Defender, and Henry H. Harnage, Asst. Public Defender, for appellee.
Before BARKDULL, HENDRY and JORGENSON, JJ.
JORGENSON, Judge.
The defendant was charged with trafficking in cocaine after helping to set up and participating in a deal between a friend of hers and two undercover officers for a half kilo of cocaine. Pursuant to Florida Rule of Criminal Procedure 3.190(c)(4), the defendant filed a sworn motion to dismiss the charge. The state then filed a traverse, as provided in Florida Rule of Criminal Procedure 3.190(d), denying several material allegations of fact. The trial court granted the motion to dismiss, and the state appealed. We reverse.
In her sworn motion, the defendant alleged entrapment and outrageous police conduct. She alleged that Cruz v. State, 465 So.2d 516 (Fla.), cert. denied, ___ U.S. ___, 105 S.Ct. 3527, 87 L.Ed.2d 652 (1985), was violated because there was no specific ongoing criminal activity to which the police activity was directed and because the police utilized inappropriate and impermissible techniques. She claimed that two undercover police officers, while investigating burglaries in the vicinity, approached her, engaged her in conversation, and then steered the conversation toward obtaining drugs. The defendant further alleged that the officers drank beer and tequila with her and that one of the officers had sexual relations with her.
The state in its traverse admitted that the officers were engaged in a generalized investigation of crimes in the area. However, the state specifically denied that the officers began the conversation regarding the possibility of obtaining drugs. According to the state, the defendant initiated a conversation with one of the officers, advising him that she had a friend who supplied her with cocaine. The state also specifically denied the defendant's allegations that the officers drank beer and tequila and that one of them had sexual relations with her.
Having heard argument on the defendant's motion, the trial judge stated that he wanted to question the officers in court, under oath, about the defendant's allegations. He awarded the state the opportunity on three consecutive days to supplement the traverse by producing the officers for questioning. Upon the prosecution's failure to produce the officers, the trial court granted the defendant's motion. In its order, the trial court ruled that the state's traverse lacked sufficient specificity regarding the defendant's allegations and constituted nothing more than a general denial. The court noted that the officers did not come forth to supplement the traverse and show that entrapment did not occur. Relying upon Cruz, the court ruled that the motion to dismiss and the state's traverse established that the police activity constituted entrapment as a matter of law. We disagree.
In its traverse, the state specifically denied material facts which were alleged in the defendant's motion to dismiss. The denial of those facts placed material issues of fact in dispute and required denial of the defendant's motion. See State v. Patel, 453 So.2d 218, 219 (Fla.5th DCA 1984); State v. Hudson, 397 So.2d 426, 428 (Fla. 2d DCA 1981); Ellis v. State, 346 So.2d 1044, 1046 (Fla. 1st DCA), cert. denied, 352 So.2d 175 (Fla. 1977); State v. Giesy, 243 So.2d 635, 636 (Fla. 4th DCA 1971); Fla.R. Crim.P. 3.190(d). We know of no procedure authorizing a trial court to require the state to supplement a traverse which raises material issues of fact. The trial court erred, therefore, in granting the defendant's motion after the state was unable or unwilling to produce the police officers. See State v. Adderly, 411 So.2d 981 (Fla. 3d DCA 1982) (defendant not entitled to dismissal on ground that three police officers *914 failed to appear for deposition); State v. Merritt, 394 So.2d 531 (Fla. 3d DCA 1981) (dismissal could not be based on defense counsel's assertion that state could not find its witnesses). The state is not obliged, on pain of dismissal, to produce witnesses for deposition or trial. State v. Mesa, 395 So.2d 242, 243 (Fla. 3d DCA 1981); see Merritt; State v. Ashley, 393 So.2d 1168 (Fla. 3d DCA 1981); Knight v. State, 373 So.2d 52 (Fla. 4th DCA 1979), cert. denied, 385 So.2d 761 (Fla. 1980); State v. Banks, 349 So.2d 736 (Fla. 3d DCA 1977); State ex rel. Gerstein v. Durant, 348 So.2d 405 (Fla. 3d DCA 1977); State v. Roig, 305 So.2d 836 (Fla. 3d DCA 1974); State v. Velazquez, 305 So.2d 837 (Fla. 3d DCA 1974), cert. denied, 315 So.2d 196 (Fla. 1975).
Moreover, on a motion to dismiss, the state is entitled to the most favorable construction of its traverse, and it is improper for the court to determine factual issues and consider the weight of conflicting evidence or the credibility of witnesses. State v. Lewis, 463 So.2d 561, 563 (Fla. 2d DCA 1985); State v. Alvarez, 403 So.2d 1143, 1144 (Fla. 2d DCA 1981); State v. Fetherolf, 388 So.2d 38, 39 (Fla. 5th DCA 1980); State v. Bryant, 373 So.2d 708, 709 (Fla. 3d DCA 1979); State v. Wood, 299 So.2d 111, 112 (Fla. 4th DCA 1974). So long as the state demonstrates the slightest case against the defendant, it must be allowed to proceed. If the defendant is thereafter entitled to a directed verdict or acquittal, each party has been given its due. "It is only when the state cannot establish even the barest bit of a prima facie case that it should be prevented from prosecuting." State v. Pentecost, 397 So.2d 711, 712 (Fla. 5th DCA 1981).
Cruz dictates that the trial court apply a threshold objective test to determine whether "police conduct revealed in the particular case falls below standards, to which common feelings respond, for the proper use of governmental power," 465 So.2d at 521 (quoting Sherman v. United States, 356 U.S. 369, 382, 78 S.Ct. 819, 825, 2 L.Ed.2d 848, 856 (1958) (Frankfurter, J., concurring in the result)). In the instant case, the trial court, solely on the basis of the defendant's motion to dismiss and the state's traverse, sought to determine whether Cruz had been violated. It was error for the trial court, absent an evidentiary hearing, to make this determination. The factual issues must first be resolved prior to the objective entrapment analysis.
This is not to say that a trial court may never grant a defendant's motion to dismiss by finding that entrapment exists as a matter of law. In State v. Glosson, 462 So.2d 1082 (Fla. 1985), the supreme court upheld the dismissal of the action and ruled that a due process defense which is based on governmental misconduct presents a question of law for the trial court to decide. See Brown v. State, 484 So.2d 1324, 1327 (Fla. 3d DCA 1986) ("the objective test [for entrapment] parallels a due process analysis"). Both Cruz and Glosson involved motions to dismiss under Florida Rule of Criminal Procedure 3.190(c)(4), and both dismissals were held to be proper. Unlike those cases, the facts here are in dispute and an evidentiary hearing is necessary. The defendant's version of the police officers' conduct in this case, if true, could support a motion to dismiss. Only after a trier of fact has resolved the factual conflicts, however, may the trial court apply the Cruz test regarding police conduct and technique.
Accordingly, we reverse and remand for further proceedings.