## STATE OF FLORIDA v GRESKO

Case No. 85-257 AC

Eleventh Judicial Circuit, Appellate Division, Dade County

November 3, 1986

### APPEARANCES OF COUNSEL

**Jim Smith,** Attorney General, and **Calvin L. Fox,** Assistant Attorney General, for appellant.

**Jerold H. Reichler** for appellee.

Before TENDRICH, BARAD, HENDERSON, JJ.

## OPINION OF THE COURT

FREDERICK N. BARAD, Judge.

Appellant, the State of Florida, seeks review and reversal of the order entered by the trial court granting Appellee's Motion to Dismiss.

Appellee was charged with driving under the influence and entered a plea of not guilty. The case was scheduled for trial on June 3, 1985, at which time the State requested and received a continuance. Trial was re-set for July 3, 1985.

On June 28, 1985, Appellee's counsel was notified by telephone by the State that the State knew of the existence of additional witnesses and was filing an Additional List of Witnesses. On July 1, 1985, Appellee's counsel received the State's Additional List of Witnesses. The July 3 trial was subsequently rescheduled due to inadequate time within which to depose the newly listed witnesses. The State was charged with a second continuance and the trial was re-set for July 10, 1985, a date within the required speedy trial period which was to expire July 18, 1985.

On July 10, 1985, at the time scheduled for trial, Appellee's counsel complained that it had been unable to subpoena and depose two witnesses that appeared on the State's witness list. The prosecutor stated that he did not intend to use the two witnesses that defense counsel had been unable to depose and announced that the State was ready to proceed to trial. Nevertheless, the court dismissed the case "on the basis of all that's transpired."

The State asserts that it was an abuse of the court's discretion and error as a matter of law to grant the Motion to Dismiss.

We agree.

As stated in *State v. Valdez*, 443 So.2d 302 (Fla. 3d DCA 1983):

It is well established that it is not the responsibility of the prosecution to produce the state's witnesses for depositions. Furthermore, to order the state to do so, or to dismiss a criminal case for failure of the state to do so, constitutes a departure from essential requirements of law.

Dismissal of an information or indictment is an action of such magnitude that resort to such a sanction should only be had in extraordinary situations when no viable alternative exists. See *State v.*

145

*Del Gaudio*, 445 So.2d 605 (Fla. 3d DCA 1984); *State v. King*, 372 So.2d 1126 (Fla. 2d DCA 1979); *State v. Carty*, 14 Fla.Supp. 2d 143 (Cir. Ct. Dade 1985).

Accordingly, the order dismissing the charge against Appellee is reversed and the cause is remanded for proceedings consistent with this opinion.