## STATE OF FLORIDA v MELCHOR

### Case No. 86-277 AC (County Court Case No. 44369,70,71)

Eleventh Judicial Circuit, Appellate Division, Dade County

February 11, 1988

### APPEARANCES OF COUNSEL

**Terry L. Redford**, Assistant Attorney General, for appellant.

**Martin L. Roth** for appellee.

Before BARAD, SHAPIRO, KORNBLUM, JJ.

### OPINION OF THE COURT

PER CURIAM.

The State appeals an order dismissing an information charging AURELIO MELCHOR under Florida Uniform Citation with violating the speed limit, violation of glasses restriction and driving under the influence.

The Appellee made two unsuccessful attempts to depose two potential state witnesses. The witnesses failed to appear at the time scheduled for the depositions. Thereupon, the trial judge dismissed all charges against AURELIO MELCHOR as a sanction for the state's failure to produce the witnesses.

It is well established that it is not the responsibility of the prosecution to produce the state's witnesses for deposition. *Turiano v. Butterworth,* 416 So.2d 1261 (Fla. 4th DCA 1982); *State v. Adderly,* 411 So.2d 981 (Fla. 3d DCA 1982); *State v. Banks,* 349 So.2d 736 (Fla. 3d DCA 1977); *State v. Roig,* 305 So.2d 836 (Fla. 3d DCA 1974).

Once the state revealed the name and addresses of the witness, it fulfilled it obligation. Consequently, there was no discovery violation and the imposition of a sanction against the state, in this case dismissal of the charges was erroneous. *State v. Valdes,* 433 So.2d 302 (Fla. 3d DCA 1983); *State v. Roig,* 305 So.2d 836 (Fla. 3d DCA 1974)

Accordingly, the order dismissing the charges against AURELIO MELCHOR is reversed and the cause is remanded for proceedings consistent with this opinion.

REVERSED AND REMANDED.