528 So.2d 511 (1988)
The STATE of Florida, Petitioner,
v.
Martin FILIPOWICH, Respondent.
No. 87-1355.
District Court of Appeal of Florida, Third District.
July 19, 1988.
Robert A. Butterworth, Atty. Gen. and Susan Odzer Hugentugler and Richard L. Polin, Asst. Attys. Gen., for the State.
Bennett H. Brummer, Public Defender and Harvey J. Sepler, Asst. Public Defender, for respondent.
Before HUBBART and BASKIN and DANIEL S. PEARSON, JJ.
PER CURIAM.
This is a petition for a writ of certiorari filed by the state seeking review of a trial court order excluding the trial testimony of a state witness for an alleged discovery violation. See Fla.R.Crim.P. 3.220(j). We have jurisdiction to entertain this petition. State v. Pettis, 520 So.2d 250, 253 (Fla. 1988); State v. Cecil, 518 So.2d 919 (Fla. 1988); Art. V, § 4(b)(3), Fla. Const.; Fla.R. App.P. 9.030(b)(2).
As stated in the order under review, the legal basis for excluding the state witness was that (1) the state failed to produce the witness, who was apparently a prisoner in the state correctional system, for a defense discovery deposition at the time set by the court, and (2) the state failed to file an amended discovery response reflecting a changed address of the state witness within the state correctional system. We conclude that the penalty of exclusion was too *512 drastic a remedy for the technical discovery violations in this case because the defendant was not prejudiced by these violations.
It appears, without dispute, that the witness was in fact produced by the state for a defense discovery deposition, but was a little over an hour late under the court order requiring production; there is no showing that the defendant could not have deposed the subject witness at the time the witness was produced. True, the case was scheduled to go to trial shortly after the witness was originally scheduled to be deposed, but the case was continued by the court in any event. The inaccurate address of the witness supplied by the state in no way prejudiced the defendant's preparation of the case; the defendant did not attempt to depose the witness in advance of the scheduled trial date and was not otherwise misled by the inaccurate address.
Ordinarily, a trial court has no authority to order the state to produce a witness for a defense discovery deposition, and the failure of the state to comply with such an order affords no basis for excluding the witness' testimony at trial. State v. Jackson, 436 So.2d 985, 986 (Fla. 3d DCA 1983); see State v. Adderly, 411 So.2d 981 (Fla. 3d DCA 1982); Knight v. State, 373 So.2d 52, 53 (Fla. 4th DCA 1979), cert. denied, 385 So.2d 761 (Fla. 1980); see also State v. Mesa, 395 So.2d 242, 243 (Fla. 3d DCA 1981). Where, however, the witness, as here, is a prisoner in the state correctional system, the rule may very well be otherwise, and the witness perhaps may be subject to exclusion for noncompliance with such court order. In the instant case, however, the state substantially complied with the court order on witness production, and the defendant was not otherwise prejudiced by the short delay in producing the witness.
For the above-stated reasons, the petition for a writ of certiorari is granted, the order under review is quashed, and the cause is remanded for further proceedings.