## STATE OF FLORIDA v OSPINA

### Case No. 87-333AC (County Court Case No. 08078, 80BW)

Eleventh Judicial Circuit, Dade County
January 10, 1990

**APPEARANCES OF COUNSEL**

**Robert A. Butterworth,** Attorney General, and Yvette Rhodes Prescott, Assistant Attorney General, for appellant.

**Nelson Ospina,** pro se.

Before JONES, ESQUIROZ, FULLER, JJ.

## OPINION OF THE COURT

RICHARD S. FULLER, Circuit Judge.

The County Court granted the Defendants (appellees) Motion for Discharge under Rule of Criminal Procedure 3.191 because of a speedy trial rule violation.

The Defendant was charged with D.U.I. on July 17, 1987. The case was originally set for trial on October 8, 1987. A continuance was granted because the Defendant had been unable to complete discovery. The trial was reset for October 15, 1989, but was continued again because the discovery problem had still not been resolved. The appeal from order was thereafter entered on October 30, 1987.

The discovery problems resulted from the failure of a Highway Patrol Officer to appear at his deposition and thereafter to bring necessary information to the deposition.

The record reflects that the first continuance was a defense excused continuance, the second, on October 15, 1987, was charged to the Court. The defendant was not present at the October 15, 1987 hearing and his whereabouts were unknown to his attorney at that time.

The original continuance should not have been charged to the State. The State Attorney has no obligation or responsibility to produce State witnesses subpoenaed by the defense for discovery purposes. *State v Roig,* 305 So.2d 836 (Fla. 3d DCA 1974), *State v Valdes,* 443 So.2d 302 (Fla. 3d DCA 1983), *State v Del Guadio,* 445 So.2d 605 (Fla. 3d DCA 1984) rev denied, 453 So.2d 45 (Fla. 1984). Similarly, the Court granted a court continuance on October 15, 1987, merely because the Defendant needed more time to complete discovery. This delay should also be attributable to the defendant.

The defendants' request for a postponement of the trial constituted a continuance which waives the provisions of the speedy trial rule. *Rossenwaser v State,* ·308 So.2d 600 (Fla. 3d DCA 1975)

The Trial Court erred in charging the State and the Court with continuances. The speedy trial period, therefore, had not elapsed and the Order Discharging the Defendant is hereby reversed. The cause is accordingly remanded for further proceedings.

REVERSED AND REMANDED