## STATE OF FLORIDA v GONZALEZ

### Case No. 89-171 AC (County Court Case Nos. 28189, 90 IF)

Eleventh Judicial Circuit, Dade County

August 31, 1990

### APPEARANCES OF COUNSEL

**Roberta G. Mandel, Esquire,** Assistant Attorney General, for appellant.

**Daniel M. Keil, Esquire,** for appellee.

Before GOLDMAN, NADLER, ROTHENBERG, JJ.

### OPINION OF THE COURT

GOLDMAN, J.

The State appeals an order dismissing the charges against the defendant. We reverse.

On June 18, 1988, the defendant was charges, inter alia, with D.U.I. A plea of not guilty was entered and on August 16, 1988, defendant moved for a continuance of the August 29, 1988, trial date. Trial was

reset for October 11, 1988, at which time the charges against defendant were dismissed on grounds that a state witness was not present and that the same witness had failed to appear for deposition.

The State was given thirty days to refile the charges which it did file thirty-one days later. Thereafter the case was dismissed for failure to refile timely.

The trial court erred in initially dismissing this case. It is error to dismiss a case for failure of a witness to appear at deposition. *State v Valdes,* 443 So.2d 302 (Fla. 3d DCA 1983); *Turiano v Butterworth,* 416 So.2d 1261 (Fla. 4th DCA 1982); *State v Adderly,* 411 So.2d 981 (Fla. 3d DCA 1982). See also, *State v Daise,* 508 SO.2d 560 (Fla. 4th DCA 1987).

Defendant argues that the Court could have started the trial and the defendant would have prevailed. The Court however did not choose to start the trial, but instead improperly dismissed the case. This was error. Therefore, it is immaterial whether the State refiled late, since the case was improperly dismissed in the first place.

The order of dismissal is reversed and the case is remanded for trial.

NADLER and ROTHENBERG, JJ., Concur.