GODERICH, Judge.
The state appeals from the trial court’s order granting the defendant’s motion to dismiss. We reverse and remand.
The defendant, Armando Valdes, was charged by an information with possession with intent to sell, manufacture or deliver cocaine, with the sale or delivery of a controlled substance, and with trafficking in cocaine. The defendant filed a motion to dismiss the charges on the ground that there were no material disputed facts and the undisputed facts allegedly established entrapment as a matter of law, and therefore, the facts did not establish a prima facie case of guilt against the defendant. The state filed a traverse and demurrer arguing that the defendant could not deny that he trafficked in cocaine and then claim entrapment. Additionally, the state presented the deposition of the police informant, Rafael Poo, who disputed all material allegations as set forth by the defendant in his motion to dismiss. The trial court granted the motion to dismiss. The state appeals.
In its traverse, the state specifically denied material facts which were alleged in the defendant’s motion to dismiss. “[T]he state is entitled to the most favorable construction of its traverse, and it is improper for the court to determine factual issues and consider the weight of conflicting evidence or the credibility of witnesses.” State v. Carda, 495 So.2d 912, 914 (Fla. 3d DCA 1986) (citations omitted). “It is only when the state cannot establish even the barest bit of a prima facie case that it should be prevented from prosecution.” Carda, 495 So.2d at 914 (quoting State v. *1047 Pentecost, 397 So.2d 711, 712 (Fla. 5th DCA 1981)).
The trial court had before it the deposition of the police informant, who disputed all material allegations as set forth by the defendant in his motion to dismiss. Specifically, Poo stated in his deposition that the defendant was the one that initiated conversations involving the sale of cocaine to Poo and that the defendant provided the kilogram of cocaine that led to the defendant’s arrest. For these reasons, we find that the trial court erred in dismissing the instant case. The state should have been allowed to proceed to trial.
Reversed and remanded for further proceedings.