COPE, J.
The State petitions for a writ of certiora-ri. We grant the petition.
*1116 Defendant-respondent Ernesto Mendez was charged with armed burglary and other offenses. The State’s witness list included the crime victims, Jackelin Asusta and Vanessa Martinez, as witnesses in the case. The defense had difficulty serving them with a deposition subpoena, first because they resided in a gated community that did not have a call box,' and subsequently because they moved to a different address.
The case was set for trial for October 23, 2000. The case had received two previous State continuances. The defendant complained that the trial date was approaching and the defense had been unable to take these two witnesses’ depositions. The State indicated that there was a third substantive witness who had been listed and with whom the State was prepared to proceed.
The court stated:
THE COURT: This is the position in which I find myself.
We have had discussions, two prior continuances by the State. I can strike the witnesses that have not appeared and the State just takes the best shot with the one.
Or, I give you a little bit more time and do something about some type of bond on Mr. Mendez.
Those are the two options that are open.
[THE STATE]: My preference is to strike the witnesses.
If we do find them and can provide them to Counsel, we can address it.
TR. Oct. 11, 2000, at 6 (emphasis added). The court so ordered (“the 2000 order”). There was no objection by the defense to this procedure.[1]
The case did not proceed to trial as anticipated. Defense counsel was not available because he was in another trial. Subsequently there was a change in defense counsel and a change of prosecutor.
The State later located victims Martinez and Asusta. On October 10, 2001, the State filed a motion to reconsider the order excluding them as trial witnesses, as the witnesses were now available for deposition and trial. At this time, the trial had been reset for November 26, 2001.
At the hearing on the State’s motion, successor defense counsel argued that the earlier ruling should not be revisited at all. “The exclusion of witnesses is exclusion of witnesses.... [0]nce that decision was made, there is really no reason for the Court to make a change in its determination.” TR. Nov. 15, 2001, at 6. The trial court denied the State’s motion, thus excluding victims Asusta and Martinez as witnesses at trial (“the 2001 order”). The State has petitioned for a writ of certiorari.
We conclude that the State’s motion should have been granted. The State agreed to exclusion with the caveat that the issue could be revisited if the two witnesses were located. The defense neither objected nor voiced any position that once the two witnesses were excluded, *1117 they were forever after excluded. Consequently, at the hearing on the State’s motion, the defendant’s “once excluded, always excluded” argument should have been rejected. It had been understood from the outset that the issue could be revisited.
On the merits, the defense did not make any argument demonstrating that it would be prejudiced in its ability to prepare for trial if victims Asusta and Martinez were reinstated to the witness list. Approximately six weeks remained between the filing of the State’s motion and the trial date. Ample time remained for the defense to take these two victims’ depositions.
The defendant argues that he has been prejudiced by being incarcerated for over a year, between the October 2000 hearing (excluding witnesses) and the November 2001 hearing (refusing to reinstate witnesses).[2] He contends that, if the State had selected the judge’s other alternative — a continuance to find witnesses Asus-ta and Martinez — he would have been released on bond. Defendant argues that by saying it wanted to stick to the October 23, 2000 trial date, the State in effect kept the defendant incarcerated.
We do not agree with defendant’s analysis. The ultimate decision to grant bond is for the court, not the State. The trial court made it clear that the door remained open for the court to consider a bond upon application by the defendant.
At the October 2000 hearing the trial court asked the State whether it was prepared to proceed to trial in the armed burglary case[3] with its one witness, or whether it would need a continuance to locate victims Asusta and Martinez. The trial court was saying, very simply, that if the State needed another continuance to locate witnesses for its case, then the court would entertain a bond application from the defendant.- The. State declined the continuance.
Discussing the October 23, 2000, trial date, the court said: “I don’t know if we will get to it, if I’ll get to it or not. I will set a bond at some point.” . TR. October 11, 2000, at 7 (emphasis added). When a question arose about whether the State’s remaining witness, would appear for deposition that same day, the court said, “Bring [the defendant] over tomorrow, we will deal with the bond and the last witness and talk about it.” Id. at 9. If the remaining witness did not appear, “we will talk about the bond of your client at that point.” Id. at 9. We conclude from this that the trial judge was thoroughly familiar with the case; and in the event that proceedings were delayed beyond October 23, 2000, the court was willing to consider an application for bond by the defendant.
The defense argues that the petition for writ of certiorari is untimely in this case. The defense contends that what is really being complained about is the original October 2000 order excluding.the two witnesses, and that certiorari does not lie from the 2001 order denying the State’s subsequent motion. We disagree with that analysis. The 2000 exclusion order was done with the 'caveat that the issue could be revisited. Upon revisiting the issue in 2001, reinstatement of the witnesses was denied. As we have held on very similar facts, certiorari is available to review the latter order: State v. Deville, 258 So.2d 492 (Fla. 3d DCA 1972).
Certiorari granted.[4]
LEVY, J., concurs".

. The correctness of the October 2000 order excluding witnesses is not before us.
Exclusion of witnesses is a disfavored remedy to be employed only as a last resort. See State v. Brown, 782 So.2d 526, 527-28 (Fla. 1st DCA 2001); State v. Gorrio, 726 So.2d 832, 833 (Fla. 3d DCA 1999); State v. Gonzalez, 695 So.2d 1290, 1291-92 (Fla. 4th DCA 1997); State v. Pope, 675 So.2d 165, 167 (Fla. 3d DCA 1996); Donaldson v. State, 656 So.2d 580, 580-81 (Fla. 1st DCA 1995); Knight v. State, 373 So.2d 52, 53 (Fla. 4th DCA 1979); State v. Roig, 305 So.2d 836, 837 (Fla. 3d DCA 1974).
The anomaly here is that the State agreed to the exclusion, albeit with the understanding that the exclusion could be revisited.

.The defendant made a demand for speedy trial but later withdrew it.

. The defendant has another pending case which is not at issue here.

. We take a different view of the record than *1118 does the dissent. -The State in its petition for certiorari said, "It appears from the record that the witnesses moved from the address provided by the State.... Upon locating the witnesses the State moved for reconsideration of the order excluding the witnesses.” Petition at 5.
In the response, the defense did not take issue with the above statements, nor did the defense do so in the trial court. The record is admittedly scanty but appears to us to support the State's assertions.
At a hearing on November 15, 2001, defense counsel acknowledged that the deposition of one of the witnesses had already been taken. "And the other individual, that’s still a pending civilian witness, the roommate of one who used to live in that property that was allegedly burglarized.” TR. at 3 (emphasis added). The trial court’s order acknowledged “the fact that the witnesses have now been found....”
Under the circumstances, the witnesses must be reinstated to the witness list.