# Third District Court of Appeal

## State of Florida

Opinion filed November 18, 2020.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-1303
Lower Tribunal No. 18-24269
_____

**The State of Florida,**
Petitioner,

vs.

**Devrick Boykins,**
Respondent.

On Petition for Writ of Certiorari from the Circuit Court for Miami-Dade County, Jose L. Fernandez, Judge.

Ashley Moody, Attorney General, and Kseniya Smychkouskaya, Assistant Attorney General, for petitioner.

Williams Hilal Wigand Grande, PLLC, and Daniel Grande, for respondent.

Before EMAS, C.J., and LOGUE and MILLER, JJ.

EMAS, C.J.

## INTRODUCTION

The State of Florida petitions this court for a writ of certiorari. The State contends that the trial court departed from the essential requirements of the law, resulting in irreparable harm, by entering an order granting the defendant's motion to compel the State, within thirty days, to produce for deposition an eyewitness who is not within the custody or control of the State. While we agree that the order represents a clear departure from the essential requirements of the law, we dismiss the petition because the State has failed, at this procedural juncture, to demonstrate the irreparable harm required to invoke our certiorari jurisdiction.

## BACKGROUND

The record below establishes that the State had complied with its discovery obligation to provide to the defense a "list of the names and addresses of all persons known to the prosecutor to have information that may be relevant" to the crimes charged. See Fla. R. Crim. P. 3.220(b)(1)(A). Nonetheless, defense counsel had difficulty serving a deposition subpoena at the address provided by the State for T.W., described as an eyewitness to the crimes allegedly committed by the defendant, Devrick Boykins.

The defense filed a motion to compel the State to provide a "better" address for this witness. At the hearing on the motion to compel, the State advised the trial court that the witness was homeless, was not within the State's custody or control,

2

and that the State had provided the best and only address it had for this individual. The State detailed for the trial court the extensive efforts it made in attempting to locate this individual.[1]  Nevertheless, the trial court granted the motion to compel and ordered the State to produce the individual for a defense deposition within thirty days.  This petition follows.[2]

**DISCUSSION**

Boykins, through his counsel Daniel Grande, properly and commendably concedes that the trial court departed from the essential requirements of law in entering its order granting the motion to compel the State to produce this witness. We agree.

> It is well established that it is not the responsibility of the prosecution to produce the state's witnesses for depositions . . . .  Furthermore, as this court stated in State ex rel. Gerstein v. Durant, 348 So. 2d 405, 408 (Fla. 3d DCA 1977): "to order the state to do so, or to dismiss a criminal

---

[1] These efforts included the prosecutor searching all State-accessible databases for a different or more recent address; going to the home of the witness' mother to get information on where the witness might be living (the mother advised the witness might be living near the train station in Brownsville); going with a Miami-Dade police officer to search for the witness in a three-block area believed to be the last-known location of the witness; locating the witness in that area and immediately communicating with defense counsel by "Facetime" so defense counsel could see and speak with the witness.  The witness was advised (and agreed) to remain at that same location so a subpoena could be served the next day; however, when the process server arrived at that location the next day to serve the subpoena, the witness could not be located.

[2] The trial court denied the State's motion for stay pending this petition. We granted the State's motion for review of that order denying the stay and ordered a stay of the proceedings below pending the disposition of this petition.

case for the failure to do so, constitutes a departure from essential requirements of law."

State v. Valdes, 443 So. 2d 302, 302 (Fla. 3d DCA 1983) (citations omitted). See also State v. Gorrio, 726 So. 2d 832 (Fla. 3d DCA 1999); State v. Cecil, 533 So. 2d 884, 885 (Fla. 3d DCA 1988); State v. Rodriguez, 483 So. 2d 751 (Fla. 3d DCA 1986); State v. Jackson, 436 So. 2d 985 (Fla. 3d DCA 1983); State v. Adderly, 411 So. 2d 981 (Fla. 3d DCA 1982); State v. Banks, 349 So. 2d 736 (Fla. 3d DCA 1977) (disapproved on other grounds by Colby v. McNeill, 595 So. 2d 115 (Fla 3d DCA 1992); State v. Roig, 305 So. 2d 836 (Fla. 3d DCA 1974).

However, the fact that the order represents a clear departure from the essential requirements of the law is only one prong of the three-prong test for certiorari; the State has the additional burden of demonstrating that it is a departure "(2) resulting in material injury for the remainder of the case (3) that cannot be corrected on postjudgment appeal." See Reeves v. Fleetwood Homes of Fla., Inc., 889 So. 2d 812, 822 (Fla. 2004) (citations omitted).[3]

The State has failed to demonstrate that the order "results in material harm for the remainder of the case," because the order merely compels the State to produce a

---

[3] We recognize, of course, that prongs (2) and (3) are jurisdictional and must be satisfied before reaching a determination that the order is a departure from the essential requirements of the law. Sardinas v. Lagares, 805 So. 2d 1024 (Fla. 3d DCA 2001). We nevertheless find it helpful to acknowledge the long-standing and uniform nature of appellate decisions on the substantive issue raised by the State in its certiorari petition.

4

witness for deposition by the defense. If the State fails or is unable to comply, leading the trial court to exclude the witness or impose some other sanction on the State, this would surely represent the type of irreparable harm that satisfies the jurisdictional prong required for certiorari review.[4] See e.g., Jackson, 436 So. 2d 986 (granting certiorari relief and quashing order excluding a witness whom the state failed to produce for deposition, holding that it is not the responsibility of the state to produce a witness subpoenaed by a defendant for discovery purposes); Banks, 349 So. 2d 737 (granting certiorari and quashing order excluding witness from testifying at trial when he repeatedly failed to appear for discovery deposition, noting: "The State volunteered on two occasions to present the witness for deposition but was unable to do so. Inasmuch as it is not the State's duty to produce the witness for discovery, it was error to enter an order excluding the testimony at time of trial.")

**CONCLUSION**

---

[4] Of course, if the trial court were to dismiss the charge altogether, the State's remedy would be by direct appeal. See, e.g., State v. Valdes, 443 So. 2d 302 (Fla. 3d DCA 1983) (reversing trial court order dismissing information for failure of the State to produce witness for deposition); State v. Adderly, 411 So. 2d 981, 982 (Fla. 3d DCA 1982) (noting: "We have repeatedly held that the state is not obliged, at pain of dismissal, to produce witnesses for deposition."); State v. Roig, 305 So. 2d 836, 836 (Fla. 3d DCA 1974) (reversing order dismissing information and holding "it is not the responsibility of the state to produce state witnesses subpoenaed by the defendant for discovery purposes. Therefore, the court erred in excluding the witnesses' testimony and dismissing the cause as a result thereof.")

5

Although the parties are in agreement that the trial court's order constitutes a departure from the essential requirements of the law, the State has failed to meet its additional burden of demonstrating that the departure results in material injury for the remainder of the case that cannot be corrected on post-judgment appeal. In the absence of such a showing, this court is without jurisdiction to reach the merits of the State's petition. We therefore dismiss the petition for lack of jurisdiction.